STATE v. B. FRANK RICKER.

October Term, 1908.

ROWELL, C. J., MUNSON, and WATSON, JJ., and MILES, Superior J.

Opinion filed October 30, 1908.

*Criminal   Law—False   Pretences—Information—Sufficiency.*

An information for false pretences charged with requisite certainty that respondent defrauded R. and induced him to deliver to respondent a large number of sheep, which he converted to his own use, by unlawfully, knowingly, designedly, and falsely pretending to R. that a designated person in Boston had already mailed to respondent, as respondent's property, such a company's check for $1,500 at such a time that by the course of regular mail it would be delivered to respondent in the afternoon of that same day; that respondent then and there well knew that said check had not been so mailed and would not be so delivered, but made said false representations with intent to defraud R. *Held*, on demurrer to the information, that it sufficiently charged the representation to have been that the check was respondent's property and subject to his control and use as such; and that the failure to allege that respondent represented the check to be of value and that it was to be delivered to R. is immaterial, for R. was cheated by the false pretence that the check had been mailed, which was well adapted to induce him to part with his sheep, and is sufficient, if made designedly and with intent to defraud as alleged.

INFORMATION for false pretences. Heard on demurrer to the information at the June Term, 1908, Orange County, *Waterman*, J., presiding. Demurrer overruled, and information adjudged sufficient. The respondent excepted. The opinion states the substance of the information.

*R. M. Harvey* for the respondent.

The allegation, "as his, the said Ricker's property," is not an allegation that the respondent pretended that he owned the

check, or if he did, that it was of any value, or that it would be delivered to Rowell. The allegation is as to a future event. 2 Bish. Cr. L. §§419, 425; *Ranney* v. *People,* 22 N. Y. 413. Even if the charge were that the alleged pretence induced Rowell to sell the sheep to respondent on credit, such result would not make the representation indictable. 2 Bish. Cr. L. 480, 481, 483; Bish. Stat. Cr. 217, 344, 346. The false pretence charged is such a frivolous and harmless device that the law will not notice it. 2 Bish. Cr. L. 433, 434; 2 Russell, Crimes, 30 Eng. Ed. 280; *Reg.* v. *Woolley,* 1 Eng. Ed. L. and Eq. 537; 1 Den. C. C. 559; 4 New Sess. Cas. 341; Temp. & M. 214, 279; *Reg.* v. *Smith,* 1 Den. C. C. 510; 2 Cas. & K. 882.

*March M. Wilson,* State's Attorney, for the State.

ROWELL, C. J. This is an information for false pretences. It alleges with time and place that the respondent unlawfully, knowingly, and designedly, falsely pretended to one Rowell of Randolph, Vermont, that one Hollis of Boston, Mass., had already mailed to him, the respondent, as his, the respondent's property, such a company's check for $1,500 at such a time that by the regular course of mail it would be delivered at said Randolph at or about 5 o'clock in the afternoon of that same day; that the respondent then and there knew that said check was not mailed from Boston, and would not be delivered at Randolph, as he pretended; that he made said pretences and representations fraudulently, with intent to induce said Rowell to deliver to him a large number of sheep of great value, to wit, of the value of $1,200, and with intent to defraud said Rowell thereof; that by means of said false pretences and representations the respondent then and there induced said Rowell to deliver said sheep to him, and so obtained possession thereof, and converted the same to his own use; that except for the use of said false pretences, the respondent could not have obtained said sheep from said Rowell; and that the respondent in such manner, by his false pretences, defrauded said Rowell out of said sheep.

It is objected on demurrer that the information is bad, and said that the real and only question is, whether its allegations sufficiently and certainly charge the respondent with falsely

pretending and representing that he had this property and owned it so as to amount to a false representation that he was worth so much money—was in a sound pecuniary condition, or had any particular property. On this question it is urged that the words, "as his, the said Ricker's, property," used in the information, do not imply that the respondent pretended or represented that he owned the check; and if they do, it is not alleged that he represented it to be of any value, nor that it should be delivered to Rowell; that while those words imply that the check was mailed to the respondent, they also imply that there was some condition or circumstance that showed it was not his property.

But the representation was that Hollis had already mailed the check to the respondent as his, the respondent's, property, the natural meaning of which is that it *was* his property, and subject to his control and use as such.

The want of an allegation that the respondent represented the check to be of value, and that it was to be delivered to Rowell, is immaterial; for Rowell was cheated by the false pretence that the check had been mailed, which was well adapted to induce him to part with his sheep as he did, and is enough, having been made designedly and with intent to defraud, as alleged.

*Judgment affirmed and cause remanded.*